**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| BELINDA RIFE, | ) | CASE NO:   5:08 CV 2162 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | NANCY A. VECCHIARELLI |
| CHRISTOPHER M. KOUSAGAN, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |

This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2.  Petitioner, Belinda Rife, ("Rife"), challenges the constitutionality of her conviction in the case of *State v. Rife*, Case No. CR 2006 CR 3978, Canton, Ohio Municipal Court. Rife filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on September 9, 2008 in the United States District Court for the Northern District of Ohio. (Doc. No. 1.)  For the reasons set forth below, it is recommended that the Petition be **DENIED**.

**I.  PROCEDURAL HISTORY**

**A.    State Conviction**

On August 31, 2006, Rife and two co-defendants were charged with two counts of cruelty to animals in violation of Ohio Revised Code § 959.13, a second degree

misdemeanor.  The charges stem from Rife's neglect of forty-two dogs, which were housed in a barn leased by Rife or one of her co-defendants.

On September 20, 2006, Rife filed a motion to suppress evidence seized during an alleged illegal search of the barn.  (Doc. No. 18, Exh. F.)  On October 30, 2006, the trial court held a hearing on the motion to suppress and denied the motion in a judgment entry filed November 9, 2006.  (Doc. No. 10, Exh. B.)

On November 13, 2006, the Canton, Ohio Municipal Court held a jury trial and a jury convicted Rife of both counts of animal cruelty.   The trial court memorialized the conviction in an entry filed November 16, 2006 and sentenced Rife to ninety days in jail, with all but twenty days suspended.   (Doc. No. 18, Exh. V.)

On November 20, 2006, Rife's new attorney, Rodney Baca, filed a motion to stay the imposition of sentence and a notice of appeal to the Stark County Court of Appeals for the Fifth Appellate District.  (Doc. No. 18, Exhs. Y and Z.)  The court granted Rife's request to stay execution of sentence on November 28, 2006.

On December 7, 2006, Rife informed the court she would be prosecuting her appeal *pro se* until she could replace Baca.  (Doc. No. 18, Exh. DD.)  During this time, Rife filed several motions in the trial court, apparently attempting to discover new evidence and either re-litigate the case or supplement the record with facts not presented at trial.  For example, she filed a "motion for access to animals," which the court denied in an entry filed January 29, 2007.  (Doc. No. 18, Exh. ZZ.)   Rife filed a motion to reconsider on February 9, 2007, claiming that her trial attorney "made half hearted attempts to reach this evidence" and attacking the evidence presented at trial as biased and insufficient to support her conviction. (Doc. No. 18, Exh. FFF.)   On

February 15, 2007, Rife also filed a motion to vacate the jury verdict, alleging thirteen "facts," ranging from her trial attorney's incompetence to the jurisdiction of the municipal court.  (Doc. No. 18, Exh. HHH.)  The trial court overruled her motions.  On March 2, 2007, Rife moved the court to reconsider its ruling.  (Doc. No. 18, Exh. III.)  The trial court overruled that motion the same day, again without explanation.  (Doc. No. 18, KKK.)

### B. Direct Appeal

Rife's third attorney, Nicholas Swyrydenko, filed her merit brief in the Fifth Appellate District on April 19, 2007.  (Doc. No. 10, Exh. D.)  On appeal, Rife advanced only one assignment of error: "The trial court erred in denying appellant's motion to suppress illegally obtained evidence."  (*Id.* at 3.)  The Fifth District overruled Rife's only assignment of error on September 17, 2007.   (Doc. 10, Exh. G.)

On October 31, 2007,  Rife filed a notice of appeal and memorandum in support of jurisdiction in the Ohio Supreme Court.  (Doc. No. 18, Exhs. B-2 and C-2.)   She alleged only one proposition of law:

> A rented barn is the curtilage of that property, and all evidence seized as a result of a warrantless entry into a rented barn in the absence of plain view or exigent circumstances or evidence of inevitable discovery must be suppressed.

(Doc. No. 18, Exh. C-2 at 3.)  On February 20, 2008, the Ohio Supreme Court denied Rife's appeal for not involving a substantial constitutional question. *State v. Anello*, 117 Ohio St.3d 1405 (2008).  Rife moved for reconsideration on March 8, 2008. (Doc. 18, Exh. D-2.)  The Ohio Supreme Court denied the motion on April 23, 2008.  (Doc. 18, Exh. E-2.)

**C.    Motion to Reopen Appeal**

On May 12, 2008, Rife filed a motion in the Fifth District requesting "reconsideration and reopening" of its decision to overrule her direct appeal. (Doc. 27, Exh. C.)  Rife claimed that although she was "aware that she may well be outside certain time limits," the court should reopen her case under Ohio App.R. 26(B) due to ineffective assistance of trial and appellate counsel.  Rife also raised a claim of prosecutorial misconduct in this motion.

On May 16, 2008, the Fifth District denied her motion to reopen because the motion was not filed within the ninety day time period set forth in Ohio App. R. 26(B) and Rife failed to demonstrate good cause for the untimely filing.  (Doc. 27, Exh. D.)

Rife filed a motion to reconsider on May 21, 2008, which the Fifth Appellate District denied on May 27, 2008.  (Doc. 27, Exh. E.)

On June 23, 2008,  Rife filed a notice of appeal and memorandum in support of jurisdiction in the Ohio Supreme Court,  advancing five propositions of law, essentially arguing that the Fifth District should have found good cause existed to reopen her case because of, among other things, ineffective assistance of trial and appellate counsel. (Doc. 27, Exh. F.)  On September 10, 2008, the Supreme Court declined to exercise jurisdiction over Rife's appeal.  *State v. Rife-Anello*, 119 Ohio St.3d 1450 (2008).

**D.    Additional Post-Conviction Proceedings**

**1.    Petitions for Post-Conviction Relief**

On February 22, 2008,  Rife, through fourth attorney, Matthew Hiscock, filed a "Petition for postconviction relief" in the Canton Municipal Court.  (Doc. No. 27, Exh. A.) In this petition, Rife alleged that her trial counsel was ineffective. The trial court's

-4-

decision, filed on March 3, 2008, stated only that Rife's "petition for post-conviction relief and request for evidentiary hearing is overruled." (Doc. No. 27, Exh. B.)  On March 17, 2008, Rife filed a petition for writ of mandamus in the Fifth Appellate District, requesting that the trial court be required to issue findings of fact and conclusions of law in denying her petition for post-conviction relief.   In its decision filed June 9, 2008, the Fifth District denied Rife's petition because "a municipal court is without jurisdiction to review a petition for post-conviction relief filed pursuant to R.C. 2953.21."  (Doc. No. 27, Exh. J.)  Rife did not appeal this decision to the Ohio Supreme Court.

On May 12, 2008, the same day she filed her motion to reopen in the Fifth District, Rife also filed a motion for relief from judgment in the Canton Municipal Court. (Doc. No. 27, Exh. G.)  She alleged ineffective assistance of counsel, judicial misconduct, and prosecutorial misconduct.   A new judge was appointed to preside over Rife's case after the original trial judge and three other Canton Municipal Court judges recused themselves.  In an entry dated August 28, 2008 the court denied Rife's motion for relief from judgment without holding a hearing or issuing findings of fact.

On September 16, 2008, Rife filed a Petition for a Writ of Mandamus in the Fifth District, requesting that the trial court be required to hold a hearing and issue findings of fact and conclusions of law relative to her motion for relief from judgment.  (Doc. No. 27, Exh. H.)  In an entry filed November 24, 2008, the Fifth Appellate District denied Rife's petition, holding that a Civ.R. 60 motion is "really a motion for post-conviction relief," over which the municipal court has no jurisdiction; therefore, the court had no "clear legal duty" to perform the requested act.  (Doc. No. 27, Exh. I.)  Rife did not appeal this decision to the Ohio Supreme Court.

### 2. Motions to Modify or Stay Sentence

On November 29, 2007, during the pendency of her direct appeal to the Ohio Supreme Court, through attorney Hiscock, Rife filed a motion to reconsider or modify Rife's sentence with the trial court. (Doc. 18, Exh. TTT.) Rife asked the court to order community service instead of jail time in light of her alleged physical ailments. The court overruled her motion without explanation in an entry filed January 8, 2008. (Doc. 18, Exh. VVV.)

Rife's fifth attorney, Michael Butts, filed a motion to stay execution of Rife's sentence. On August 28, 2008, the trial court also denied this motion and ordered the sentence to commence October 1, 2008.

On September 24, 2008, Rife filed a petition for writ of prohibition in the Fifth District against the current municipal court judge asking that he be prohibited from executing the jail sentence that Rife was to begin on October 1, 2008. In its Entry dated November 24, 2008, the Fifth District denied her petition holding that, even though the petition was probably moot because Rife had already served the twenty day sentence, the judge had jurisdiction to impose the sentence. (Doc. No. 27, Exh. K.)

### E. Federal Habeas Corpus

Rife, *pro se*, filed a petition for a writ of habeas corpus on September 9, 2008 and asserted the following grounds for relief[1]:

---

[1] In her Traverse, Rife set forth numerous claims ranging from *Brady* violations to post-conviction procedural issues not raised as grounds for relief in her petition. As these grounds were not set forth in the petition and Rife has not sought leave of Court to supplement her petition with these grounds, they are not properly before the Court and should not be reviewed on the merits.

>   **Ground One** - Warrant less search 2 days in a roll [sic] August 24th 2006 and August 25th search and seizure.
>   **Supporting Facts**: Magnolia police report shows what they did, we had no warning no notice, they entered twice on separate days then killed six dogs on day of raid.
>
>   **Ground Two** - Ineffective counsel, trial appellant, and post conviction, all attorneys have been ineffective.
>   **Supporting Facts:** Trial counsel let us be taken to trial without an expert witness to examine animals on our behalf, he withheld thousands of dollars in vet bills he let our pictures get turned into States evidence with no objection, allowed charges to be amended on day of trial, failed to call necessary witnesses, failed to question Mr. Denzers [sic] confession of harming dogs.  Appellant counsel failed to bring all of these matters forward as error.  Post conviction attorney, brought post conviction under wrong procedure of law.
>
>   **Ground Three** -   Prosecutor suborned perjury while having in his possession pictures that showed he was suborning perjury.
>   **Supporting Facts:** 10 pages of pictures of dogs taken on September 1st by petitioner show that the medical reports submitted as evidence were false
>
>   **Ground Four** - Trial counsel represented all 3 defendants, conflict of interest. Appellant attorney represented petitioner and one of her co defendants.
>   **Supporting Facts:** Same

(Doc. No. 1.)

On January 7, 2008, Respondent filed a Return of Writ. (Doc. No. 10.)   Because the Return of Writ only provided the court with information regarding Rife's direct appeal, Respondent was ordered file a surreply providing a complete procedural history of the underlying action, supported by all relevant exhibits, including copies of motions, briefs, and rulings and addressing how the post-conviction history impacts Petitioner's alleged procedural default. (Doc. No. 14.)

Instead of providing a complete procedural history, Respondent filed a two and half page surreply stating that the appeals and post-conviction motions are "very difficult to keep track of" and noting that "some of these documents might be relevant to

-7-

Petitioner's procedural default." (Doc. No. 18.)  Respondent identified a couple of documents and stated they have no impact on the alleged procedural default, but gave little insight as to why. Respondent left it to the court to make sense of the 111 exhibits attached to the surreply and did not attempt to summarize them in any form.

Thus, on May 20, 2009, Respondent was ordered, once again, to file a surreply with a complete procedural history. (Doc. No. 23.)   Respondent failed to respond to this order in any form and the court issued a show cause order. (Doc. No.  24.) Respondent then moved to file a surreply in accordance with the court's previous order in lieu of a show cause hearing. (Doc. No. 25.)   The court granted this motion. (Doc. 26.)  On July 14, 2009, Respondent filed a second surreply with a more complete procedural history and additional documents. (Doc. No. 27.)  In addition, Rife was permitted to file responses to Respondent's two surreplies.  (Doc.  Nos. 22 and 31.)

## II.  JURISDICTION

Writs of habeas corpus may be granted by a district court within its respective geographic jurisdiction:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a) and (d).  Rife was convicted in the Canton, Ohio Municipal Court and filed her writ of habeas corpus in the Northern District of Ohio.   The city of Canton, Ohio is within the Northern District of Ohio.  Thus, this court has jurisdiction over Rife's petition.

District courts are also limited in their subject matter jurisdiction. Title 28 U.S.C. § 2254(a) provides in relevant part that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The writ is available "when the petitioner is in custody . . . and the detention is related to a claimed constitutional violation." *Kirby v. Dutton*, 794 F.2d 245, 256 (6th Cir. 1986). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . . ." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

The United States Supreme Court has held that a Petitioner is generally not considered to be "in custody" for the purpose of attacking a conviction if the sentence has expired ( *i.e.*, the sentence has been fully served). *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001). However, the "in custody" determination is made at the time the § 2254 petition is filed. *E.g., Carafas v. LaVallee*, 391 U.S. 234 (1968) (habeas petition is not moot and court is not divested of jurisdiction where petitioner is unconditionally released from custody during pendency of appeal). Rife filed her Petition on September 8, 2008. (Doc. No. 1.) Her twenty day jail term began on October 1, 2008 and has been completed. (Doc. No. 18, Ex. CCCC; *see also* Doc. No. 27, Exh. K.)[2] Thus, although Rife has served her sentence at the time of this Report and Recommendation, she is "in custody" because at the time she filed her

---

[2] In an August 28, 2008 Order, the trial court ordered Rife's sentence to commence on October 1, 2008. (Doc. 18, Ex. CCCC.) In its Entry dated November 24, 2008, the Fifth District noted that at the time of its opinion, Rife had already served her sentence. (Doc. No. 27, Exh. K.)

-9-

habeas petition, she had not fully served her sentence.  Therefore, the court has jurisdiction over her Petition.

However, Rife's first ground for relief is not cognizable under habeas review.  In Rife's first ground for relief, Rife asserts that her Fourth Amendment rights were violated when authorities conducted a warrantless search of her barn and that trial court improperly admitted evidence seized during that search.

Habeas corpus is not generally available on the ground of a violation of rights protected by the Fourth Amendment if the petitioner has had an opportunity to present the Fourth Amendment claims in state courts.  The Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."  *Stone v. Powell*, 428 U.S. 465, 494 (1976).

The determination as to whether a petitioner has had "an opportunity for full and fair litigation of a Fourth Amendment claim" requires a district court to make two distinct inquiries in habeas proceedings:

> Initially, the district court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim.  Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism.

*Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982) (citations omitted).  The Sixth Circuit has determined that "[t]he mechanism provided by the State of Ohio for the resolution of fourth amendment claims is . . . clearly adequate."  *Id.*  The habeas court must make the second inquiry, therefore, and determine whether presentation of the claim was in fact

frustrated because of a failure of that mechanism.

In the instant action, Rife fails to argue that she was denied a full and fair opportunity to litigate her Fourth Amendment claim.   Rife only asserts that the Ohio courts improperly concluded that the search and seizure of her barn was constitutional. Moreover, Rife exercised the state judicial procedures regarding her Fourth Amendment claim, including a fact-finding hearing regarding her motion to suppress, as well direct appeal of the denial of that motion.   Therefore, no support exists for the assertion that the Ohio courts denied Rife a full and fair opportunity to litigate her Fourth Amendment claim.  As habeas relief is not available on the grounds that police allegedly conducted an illegal search and seizure of Rife's barn, it is recommended that Ground One be dismissed.

### III.  EXHAUSTION AND PROCEDURAL DEFAULT

Respondent asserts that Rife's remaining grounds, Grounds Two, Three, and Four are procedurally defaulted and should be dismissed.

As is well-established, two types of procedural barriers might preclude federal review of claims in a habeas petition. The first type, procedural default, is a judicially created rule, requiring federal courts to respect state court judgments that are based on an "independent and adequate" state procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991); *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986) (establishing a four-part test for determining whether a procedural rule is an independent and adequate state ground).[3]  In procedurally defaulted cases, the state courts reject a

---

[3]The Sixth Circuit's decision in *Maupin* sets out four inquiries that a district court should make when the state argues that a habeas claim has been defaulted by

direct or post-conviction appeal because the defendant failed to comply with a state procedural law or rule.

A court may excuse a procedural default if the petitioner shows cause for the procedural default and prejudice resulting from the alleged error. *Maupin*, 785 F.2d at 138. In addition, a court may notice an otherwise defaulted claim if a petitioner demonstrates "actual innocence." This requires the petitioner to use "new and reliable evidence that was not presented at trial," *Schlup v. Delo*, 513 U.S. 298, 299 (1995), to make a clear and convincing case that, but for a constitutional error, no reasonable juror would have found petitioner guilty of the crime. *Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992).

The second type of bar, exhaustion, is similarly grounded in respect for state court procedures, but it is federally mandated by AEDPA, *see* 28 U.S.C. § 2254(b)(1)(A)(c), and requires petitioners to give state courts a "fair opportunity" to assess petitioners' claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). "An

---

petitioner's failure to observe a state procedural rule:

> First, the court must determine whether there is such a procedural rule that is applicable to the claim at issue and whether the petitioner did, in fact, fail to follow it. *Maupin*, 785 F.2d at 138. Second, the court must decide whether the state courts actually enforced its procedural sanction. *Id.* Third, the court must decide whether the state's procedural forfeiture is an "adequate and independent" ground on which the state can rely to foreclose review of a federal constitutional claim." This question will usually involve an examination of the legitimate state interests behind the procedural rule in light of the federal interest in considering federal claims." *Id.* And, fourth, the petitioner must demonstrate, consistent with *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497,53 L.Ed.2d 594 (1977), that there was "cause" for him to neglect the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id.*; *see also Scott v. Mitchell*, 209 F.3d 854, 864 (6th Cir.), *cert. denied*, 531 U.S. 1021, 121 S.Ct. 588, 148 L.Ed.2d 503 (2000).

applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. §2254(c).  Thus, state remedies are exhausted either when a petitioner has made proper use of all available state remedies for raising claims or when the petitioner has failed to use state remedies but no state remedies giving the right to raise petitioner's claims remain available.  See *Coleman,* 501 U.S. at 732.

Federal courts will deem a petitioner's unexhausted claim defaulted if the petition cannot comply with the relevant procedural rules or is barred by *res judicata.*  The federal court presumes that the state court would reject the appeal on independent and adequate state grounds if the petitioner tried to file it.  By declaring the claim forfeited, the federal court saves the petitioner and the state court from respectively preparing and rejecting a futile filing.  The claim is then classified as procedurally defaulted and dismissed absent a showing of cause.  See *Gray v. Netherland,* 518 U.S. 152, 161-62 (1996); *In re Cook,* 215 F.3d 606, 607-08 (6th Cir. 2000).

Respondent argues that Grounds Two, Three, and Four are procedurally defaulted.  The procedural history of each of the grounds will be discussed separately.

    **A.**    **Procedural Status of Grounds Two, Three and Four**

        **1.**    **Ground Two**

In Ground Two, Rife asserts ineffective assistance of trial, appellate, and post-conviction[4] counsel.  Respondent asserts that Rife's ineffective assistance of counsel

---

[4]Regardless of the procedural default this claim, Rife's claim of ineffective assistance of post-conviction counsel should be dismissed because claims of

claims presented in Ground Two are procedurally defaulted.  These claims were not raised on direct appeal.

Rife did raise the ineffective assistance claims in her Ohio App. R. 26(B) motion to reopen in the court of appeals.   Ohio Rule of Appellate Procedure 26(B) allows defendants to "reopen an appeal" on the basis of ineffective assistance of appellate counsel. *See* Ohio App. R. 26(B).   The court of appeals denied the claim because Rife filed the motion outside of the 90-day time limit in Ohio App. R. 26(B)(1)(b) and failed to establish good cause for doing so.[5]  *See State v. Rife-Anello*, 2006-CA-00340 (Ohio App. 5 May 16, 2008).  This constitutes a procedural default based on an adequate an independent state procedural rule consistent with the requirements of *Maupin v. Smith.  See Monzo v. Edwards*, 281 F.3d 568, 577-79 (6th Cir.2002); *Smith v. Dept. of Rehab. and Corr.*, 463 F.3d 426, 436 n. 7 (6th Cir.2006) (applying *Monzo* ); *Scuba v. Brigano*, 527 F.3d 479, 488 (6th Cir.2007); *Parker v. Bagley*, 543 F.3d 859 (6th Cir. 2008).

Rife also raised the grounds of  ineffective assistance of trial and appellate

---

constitutional deprivations occurring during state post-conviction proceedings are not cognizable under § 2254; such claims address collateral matters and not the underlying state conviction giving rise to custody.  *Kirby v. Dutton*, 794 F.2d 245, 247-48 (6th Cir. 1986).

[5]Rife repeatedly references the fact that she did raise the issue of ineffective assistance of counsel in her appeal of the denial of the application for delayed appeal.  Respondent does not contest this fact.   However, Ohio Supreme Court summarily declined to accept the appeal for review.  *State v. Rife-Anello*, 119 Ohio St.3d 1450 (Ohio 2008).  Therefore, this court must look to the court of appeals decision as the final reasoned state court decision for purposes of considering procedural default. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991) (holding that a federal court looks through an unexplained order "to the last reasoned decision," and does not assume that the unexplained order lifts the prior holding that the claim at issue was procedurally barred).

counsel in February 22, 2008 and May 12, 2008[6] petitions for post-conviction relief filed in the municipal court.  Rife did not appeal the denial of these motions to the court of appeals or to the Ohio Supreme Court.   Rather, upon the denial of these motions, Rife filed two separate petitions for writs of mandamus in the court of appeals requesting that the trial court be required to issue findings of fact and conclusions of law.   In denying both petitions, the court of appeals determined that "a municipal court is without jurisdiction to review a petition for post-conviction relief filed pursuant to R.C. 2953.21."  *See State ex rel Anello v. Favley*, 2008 WL 2586656 (Ohio App. 5 Jun 9, 2008)(citing *State v. Cowan*, 101 Ohio St. 3d 372 (2004)); *State ex rel Anello v. Weigand*, 2008 WL 4992675 (Ohio App. 5 Nov. 24, 2008).  Rife did not appeal the denial of the petitions for writs of mandamus to the Supreme Court of Ohio.

Because Rife did not appeal the ineffective assistance of counsel claims presented in the petitions for post-conviction relief to either the court of appeals or the Supreme Court of Ohio, she failed to exhaust these claims.  However, any attempt to pursue her appeal with either the court of appeals or Ohio Supreme Court would be futile.  As suggested by the court of appeals when reviewing Rife's petitions for writs of mandamus, under Ohio law, a person convicted of crime in municipal court may not challenge her conviction pursuant to a petition for post-conviction relief under O.R.C. § 2953.21.  *See State v. Cowan*, 101 Ohio St. 3d 372 (2004).   Because Rife cannot use a motion for post-conviction relief to present her ineffective assistance of counsel claims

---

[6]Although the May 12, 2008 document was titled a "Motion for Relief from Judgment," the court of appeals determined the motion to be a petition for post-conviction relief.  *See State ex rel Anello v. Weigand*, 2008 WL 4992675 (Ohio App. 5 Nov. 24, 2008).

-15-

to the Ohio courts and her motion to reopen her appeal was untimely, the ineffective assistance of counsel claims presented in Ground Two are procedurally defaulted and should be dismissed.

### 2. Ground Three

In her third ground for relief, Rife asserts prosecutorial misconduct.  Rife did not raise this ground on direct appeal, but did raise the ground in her motion to reopen pursuant to Ohio App. Rule 26(B)[7] and in her petitions for post-conviction relief.  As explained above, Rife did not timely file this motion to reopen and the municipal court does not have jurisdiction to review post-conviction petitions.  As such, Ground Three, like Ground Two, is procedurally defaulted.

### 3. Ground Four

In her fourth ground for relief, Rife asserts that trial and appellate counsel had a conflict of interest in representing Rife and her co-defendants jointly.   Although Rife raised the issue of ineffective assistance counsel in her motion to reopen her appeal and petitions for post-conviction relief, she did not raise the specific issue of counsel's conflict of interest in the Ohio courts.  Thus, Ground Four has not been exhausted.

Ohio law provides that an appellant must raise her claims on appeal at the first opportunity to do so.  *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir.2001).   This Court must assume that Ohio courts would follow their own procedural rules and bar the claim on the basis of *res judicata*.  The assertion of *res judicata* to bar claims not raised at the

---

[7]Even if the motion to reopen had been timely, it was not the appropriate vehicle for pursuing a prosecutorial misconduct claim.  Rule 26(B) is limited to applications "for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. "

-16-

earliest opportunity is an adequate and independent ground upon which Ohio may rely to foreclose habeas review.  *See id.*  In the instant action, the conflict of interest claims presented in Ground Four would be barred by *res judicata* because Rife failed to present these claims at the earliest opportunity – she did not present the claim pertaining to trial counsel in the trial court or on direct appeal and did not present the claim pertaining to appellate counsel in her motion to reopen.   Therefore, Ground Four is procedurally defaulted and should be dismissed.

### B. Cause for Procedural Default

Although Rife does not specifically raise the ineffective assistance of counsel as cause for her procedural default, reading her *pro se* brief liberally, it is apparent that such an argument could be raised.  *See Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992) ("[P]ro se pleading should be construed more liberally than pleadings drafted by lawyers.")

However, such an argument would be unpersuasive.  While ineffective assistance of counsel may constitute cause, it may only do so if the ineffective assistance claim itself is not procedurally defaulted.  *Haliym v. Mitchell*, 492 F.3d 680, 691 (6th Cir. 2007).   As Rife's ineffective assistance claim is procedurally defaulted, it may not excuse the procedural default of Rife's other claims.

### C. Actual Innocence

Although Rife does not specifically assert that a fundamental miscarriage of justice would occur as justification for excusing her procedural default, she does make numerous arguments that she is actually innocent of the crime of cruelty to animals in her Traverse.  In light of court's duty to liberally construe *pro se* briefs, Rife's actual

innocence argument will be addressed.

To demonstrate that a fundamental miscarriage of justice would occur, a petitioner must show she is actually innocent through "new and reliable evidence that was not presented at trial," *Schlup*, 513 U.S. at 299.  Specifically, she must make a clear and convincing case that, but for a constitutional error, no reasonable juror would have found petitioner guilty of the crime.  *Sawyer*, 505 U.S. at 339-40.

Rife argues throughout her Traverse that she is innocent of the cruelty to animal charges, citing conflicting testimony of witnesses with regard to water available to the dogs, referencing differences between testimony and various investigational reports, making general accusations of false testimony, and arguing that the photographs of the dogs taken six days after the raid show healthy dogs.  However, a colorable claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324.   All the evidence that Rife cites in support of her innocence was presented at a trial and thus is not "new" evidence under *Schlup.*  Therefore, it may not serve as support for a claim of actual innocence.  Rife has not shown a fundamental miscarriage of justice would occur that would require the court to review her procedurally defaulted claims.

Because Rife does not demonstrate cause for her procedural default or actual innocence, it is recommended that Grounds Two, Three, and Four be dismissed on the basis of procedural default.

## IV. CONCLUSION

For the foregoing reasons, it is recommended that Rife's petition for habeas relief be **DENIED**.

Date: September 16, 2009  /s/ *Nancy A. Vecchiarelli*
United States Magistrate Judge

## **OBJECTIONS**
**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See* *United States v. Walters,* **638 F.2d 947 (6th Cir. 1981)**. *See also* *Thomas v. Arn,* **474 U.S. 140 (1985),** *reh'g denied,* **474 U.S. 1111**.