UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Belinda Rife, | ) | CASE NO.: 5:08CV2162 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| Christopher M. Kousagan, | ) | **ORDER AND DECISION** |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter appears before the Court on objections to the Report and Recommendation of the Magistrate Judge filed by Petitioner Belinda Rife. Upon due consideration, the Court overrules the objections and adopts the Report and recommended findings and conclusions of the Magistrate Judge and incorporates them herein. Therefore, it is ordered that the petition is hereby DENIED.

## I.  Introduction

On August 31, 2006, Rife and two co-defendants were charged with two counts of animal cruelty. On September 20, 2006, Rife moved to suppress evidence seized from a barn that housed forty-two dogs. On October 30, 2006, the trial court held a hearing and later denied the motion through a journal entry dated November 9, 2006. A jury trial was held on November 13, 2006, and Rife was convicted of both counts. On November 16, 2006, the trial court sentenced Rife to 90 days in jail with all but 20 days suspended.

Following her sentencing, Rife filed numerous pleadings in several different courts. Rife filed a direct appeal, numerous motions requesting discovery in the trial court, a motion to vacate in the trial court, a motion to reopen her appeal, and a petition for post-conviction relief. Rife received no relief from any of the state court proceedings and filed this petition on September 9, 2008.

This Court referred the matter to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge issued a Report on September 16, 2009, recommending that the petition be denied. Rife filed objections to the Report on October 6, 2009. The Court now resolves those objections.

**II.     Legal Analysis**

Rife's objections are twenty-one pages in length. In large part, the objections do little more than restate arguments previously rejected by the Magistrate. Even construing Rife's *pro se* filing liberally, the Court cannot ascertain any argument that the Magistrate Judge committed any legal error. Furthermore, the Court notes that the Magistrate Judge was more than liberal in construing the possible arguments contained in Rife's petition. Despite that, the Magistrate concluded that relief was not warranted. Moreover, despite all of the above, the Court will attempt to address Rife's arguments in her objections.

1. Ground One

In Ground One, Rife contended that the trial court erred in denying her motion to suppress. The Magistrate Judge concluded that the trial court had given Rife a full and fair opportunity to address the suppression issue and therefore habeas relief could not be granted. In her objection, Rife again asserts that evidence was withheld by the prosecution and that false testimony was given at the suppression hearing. There is no evidence to support this fact. Furthermore, it is

clear that Rife was given a full and fair hearing on her motion to suppress. The Magistrate, therefore, did not err in finding that Ground One did not justify relief.

2. Remaining Grounds

The Magistrate concluded that Rife's remaining grounds, two through four, were procedurally defaulted. Rife has raised no argument that this conclusion was legally flawed. Instead, she effectively argues that she did the best she could do and filed a lot of motions after her conviction. Neither of these arguments supports a finding that her remaining grounds were properly preserved for habeas review. As such, the Magistrate did no err in finding that these grounds were procedurally defaulted.

To the extent that Rife contends that the default should be excused, the Court finds no merit in this contention. Rife's sole contention here is that she is innocent and therefore utilizing procedural default would result in a miscarriage of justice. Other than Rife's self-serving statements regarding the use of false evidence, there is nothing to support Rife's claim of innocence. The use of procedural default, therefore, will not result in a miscarriage of justice.

Rife's remaining "objections" go on to argue that she is actually innocent of the charges against her, that the trial court judge engaged in misconduct, and that her petition was construed too narrowly. Nothing in these objections supports habeas relief.

As noted above, the Magistrate liberally construed every argument contained in the petition. For that matter, the Magistrate crafted arguments on Rife's behalf that were clearly not contained in the petition. As a result, Rife's allegations were fully reviewed. This Court has found no error in the review conducted by the Magistrate, and Rife has identified no legal error in the Report. Accordingly, her objections are overruled.

### III. Conclusion

Having found no merit to the objections raised by Rife, the Court ADOPTS the Magistrate Judge's Report in its entirety. The Petition is DENIED.

The Court certifies, pursuant to 28 U.S.C. § 1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

This Order is entered pursuant to Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.


November 9, 2009                    /s/ John R. Adams
                                   JUDGE JOHN R. ADAMS
                                   UNITED STATES DISTRICT JUDGE